UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL R. HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | Case No. 22-cv-1186-MMM |
| ) | |
| RONDA GUYTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an Amended Complaint under 42 U.S.C. § 1983 alleging inhumane conditions of confinement at the Peoria County Jail ("Jail"). (Doc. 7). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff brings his Amended Complaint against Ronda Guyton, Peoria County Jail Kitchen Supervisors Tresa, Jeff, and an Unknown Doe Defendant, and Correctional Officer Spencer. (Doc. 7). Plaintiff alleges that Defendant Spencer gave him a dinner tray on July 16, 2022. Plaintiff ate half of his chicken noodles before noticing a dead cockroach in his food. Plaintiff called Defendant

1

Spencer back to his cell and showed him the cockroach. Defendant Spencer took Plaintiff's tray and offered him a new tray, but Plaintiff declined, reasoning that if the cockroach was in his first helping of chicken noodles, then it had been cooked with the entire batch. Plaintiff alleges that the Jail's kitchen staff do nothing to prevent cockroaches from being cooked in his food. He claims that the kitchen is infested with cockroaches, rats, mice, and flies.

Next, Plaintiff alleges that the showers located in the F-3 pod where he is housed have black mold on them, which causes him to experience shortness of breath. Plaintiff states that he complained about the mold, but he does not identify who he talked to. He submitted multiple grievances, but no remedial action was taken.

Plaintiff also claims that the toilet in the dayroom has been full of feces and urine since he moved to the F-3 pod in April 2022. Plaintiff asked correctional officers to submit work orders to fix the toilet and submitted grievances. He claims that the smell became so bad that he tied a garbage bag around the toilet. He also alleges that the black mold and feces have been giving him "bad health problems," but he does not provide any additional details. (Doc. 7 at 2).

Plaintiff also alleges that Jail staff are not giving him clean laundry every week. Instead, staff members pass out laundry every week and half to two weeks. Plaintiff submitted grievances, and received a reply stating, "laundry will be passed out as soon as possible." *Id.* at 2-3.

Finally, he claims that the Jail is short-staffed, which results in lockdowns for days.

## ANALYSIS

As a pretrial detainee, Plaintiff's "conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were

2

objectively serious…; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable– that is 'not rationally related to a legitimate governmental objective or…excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Objective reasonableness 'turns on the facts and circumstances of each particular case.'" *Kemp*, 27 F.4th at 495 (quoting *Kingsley*, 586 U.S. at 397). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Plaintiff alleges that he called Defendant Spencer to his cell and showed him the cockroach, which was "matted up against one of [his] noodles." (Doc. 7 at 1). In response, Defendant Spencer took the tray and offered him a new one. Plaintiff admits that he declined the tray. Plaintiff does not allege what alternative action Defendant was responsible for taking. Based on Plaintiff's allegations, the Court finds that Defendant's actions were not objectively unreasonable.

Regarding his remaining allegations related to the cleanliness of the kitchen, toilet, showers, and laundry, Plaintiff does not identify who he complained to or allege that Defendants were aware of these conditions. Plaintiff alleges that he submitted numerous grievances about these issues, but this is insufficient to establish liability against Defendants. An individual is liable under § 1983 only if he or she personally participated in or caused the alleged deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if [plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under § 1983, merely by sending the official

various grievances). The Court finds that Plaintiff's allegations are insufficient to state a claim of inhumane conditions of confinement. Regarding Plaintiff's allegations related to a staffing shortage at the Jail, he fails to allege how Defendants were responsible or what harm he allegedly suffered. Therefore, Plaintiff's Amended Complaint is DISMISSED, without prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to replead his claims within 30 days.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's amended complaint is DISMISSED, without prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace his amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2) Plaintiff's Motion for Production and Disclosure of Documents [8] asking Defendants to produce all requests and grievances from the Peoria County Jail kiosk that he submitted between November 15, 2021, and September 5, 2022, is DENIED. The Court does not have jurisdiction to order a third party to produce these documents. In the event Plaintiff files a second amended complaint stating a viable federal claim, he may seek copies of these documents from Defendants through discovery pursuant to the Federal Rules of Civil Procedure.

ENTERED: 10/28/2022

                                                                s/ Michael M. Mihm
                                                                Michael M. Mihm
                                                                United States District Judge