UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL R. HOWARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 22-cv-1186-MMM |
| | ) |
| **RONDA GUYTON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER – THIRD AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained at the Peoria County Jail ("Jail"), files a Third Amended Complaint under 42 U.S.C. § 1983 alleging inhumane conditions of confinement at the Jail. (Doc. 17). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff brings his Third Amended Complaint against sixty Jail employees. (Doc. 17 at 5-14). First, Plaintiff alleges that there is black mold on the dayroom walls, toilet, and shower, which causes him to experience breathing problems when he showers. Plaintiff wrote grievances and requested cleaning supplies, but he claims detainees use the same dirty mop head for weeks.

1

Second, Plaintiff alleges the Jail's kitchen is infested with mice, rats, and cockroaches, and he found a cockroach in his chicken noodles. Plaintiff was given a new tray of food, but he claims the bug was cooked with the entire batch of chicken noodles. Plaintiff also alleges that health department inspections are done in-house, and the Jail bombs for cockroaches while food is being prepared.

Third, Plaintiff alleges that the Jail is allowing sexual abuse and harassment because detainees are permitted to wear only their boxers or briefs, even though the handbook requires detainees to wear jail uniforms. Plaintiff wrote requests and grievances asking the Jail to address the ongoing problems to no avail. Plaintiff states that he has been in segregation since January 17, 2022, due to detainees wearing briefs and/or boxers on a daily basis.

Fourth, Plaintiff alleges that laundry does not get passed out on a weekly basis, even though the Jail handbook states that "jail-issued bedding and clothing will be laundered twice weekly. Cleanliness and personal hygiene are important to the health of the inmates." (Doc. 17 at 4).

Fifth, Plaintiff complains that the cells are not inspected properly. Plaintiff states that there is toothpaste, graffiti, and human feces on the cell walls. Plaintiff alleges that he has cleaned eight cells without proper cleaning supplies.

Finally, Plaintiff alleges that the Jail has not had hot water since August 21, 2022.

**ANALYSIS**

As a pretrial detainee, Plaintiff's "conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious…; (2) the defendant acted purposefully, knowingly, or recklessly with respect

to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable–that is 'not rationally related to a legitimate governmental objective or…excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Objective reasonableness 'turns on the facts and circumstances of each particular case.'" *Kemp*, 27 F.4th at 495 (quoting *Kingsley*, 586 U.S. at 397). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Plaintiff lists sixty Defendants in Third Amended Complaint, but he does not identify specifically who he complained to or who he notified about the alleged issues. Plaintiff alleges that he submitted numerous grievances and requests, but this is insufficient to establish liability against Defendants. An individual is liable under § 1983 only if he or she personally participated in or caused the alleged deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if [plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under § 1983, merely by sending the official various grievances). The Court finds that Plaintiff's allegations are insufficient to state a claim of inhumane conditions of confinement.

Plaintiff also alleges that the Jail is permitting sexual abuse and harassment by allowing detainees to wear their briefs and boxers instead of their jail uniforms. Plaintiff claims that he has been in segregation since January 2022 as a result. These allegations are unrelated to the conditions at the Jail and not are properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims

against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). The possibility that Plaintiff may have told many of the same Defendants about the alleged problems does not make these separate incidents part of the same transaction or occurrence.

Plaintiff's Third Amended Complaint is DISMISSED with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court finds that any further amendment would be futile, as Plaintiff has now had four opportunities to plead a viable federal claim and has failed to do so. (Docs. 1, 7, 14, 17). Additionally, Plaintiff failed to correct the deficiencies in his Amended Complaint by identifying who he complained to or who was aware of the issues related to the cleanliness of the kitchen, toilet, showers, and dayroom. (Doc. 10 at 3). This case is now closed.

Out of an abundance of caution, the Clerk is DIRECTED to send a copy of this Order to Peoria County Sheriff Chris Watkins to notify the Sheriff about Plaintiff's allegations regarding the conditions at the Jail.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's Third Amended Complaint is DISMISSED with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment would

be futile. This case is closed. The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff's [12] Motion to Request Counsel is DENIED.

3) This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

4) The Clerk is DIRECTED to send a copy of this Order to Peoria County Sheriff Chris Watkins.

5) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

6) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: 4/18/2023

                                                                                        s/ Michael M. Mihm
                                                                                        Michael M. Mihm
                                                                                        United States District Judge